IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODERICK FOXWORTH, JR. | : | CIVIL ACTION |
| v. | : | |
| PENNSYLVANIA STATE POLICE, et al. | : | NO. 03-CV-6795 |

**MEMORANDUM**

**Baylson, J.**                                                                                                                        **December 19, 2005**

**I.    Introduction**

On November 29, 2005, the Court issued a Memorandum and Order (Doc. No. 63) granting Defendants' Motion for Summary Judgment. Foxworth v. Pa. State Police, --- F. Supp. 2d ----, 2005 WL 3241983 (E.D. Pa. Nov. 25, 2005) ("the November Order"). Presently before the Court is a Motion for Reconsideration of that decision, filed by Plaintiff Roderick Foxworth ("Plaintiff" or "Foxworth") on December 8, 2005 (Doc. No. 64). On December 9, 2005 (Doc. No. 65), Defendants filed a response brief.

The procedural history of this case, and the factual allegations and legal claims set forth in the complaint are described in detail in the November Order.

**II.   Legal Standard**

When deciding a motion for reconsideration, a court may alter or amend a judgment "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 676 (3d Cir. 1999).

Reconsideration is an extraordinary remedy, made available to correct manifest errors of law or fact, or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Mere dissatisfaction with the Court's ruling is not the basis for such a reconsideration, nor can such a motion be used as a means to put forth additional arguments which could have been made but which the party neglected to make. Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 (M.D. Pa.), aff'd, 31 F.3d 1175 (3d Cir. 1994).

**III.   Discussion**

In his Motion for Reconsideration, Plaintiff makes arguments based on 18 Pa. C.S. § 9125 and 29 C.R.R. § 1607, seemingly arguing that the court made a clear error of law or visited "manifest injustice" upon him. First, Foxworth argues that the Court's conclusion that 18 Pa. C.S. § 9125 does not confer a protected property interest meriting due process protection was in error. Specifically, Plaintiff contends that this Court (1) mistakenly presumed that the information about the Boston Market theft provided by Plaintiff in his application does not constitute "criminal history record information" as described in the statute, and (2) erroneously concluded that it was permissible for the Defendant Pennsylvania State Police ("PSP") to consider this criminal behavior in disqualifying Foxworth, given the statute's directive to consider only felony and misdemeanor convictions. (Pl.'s Memo at 3-5). Second, Foxworth argues that 29 C.F.R. § 1607 *et seq.*, the Equal Employment Opportunity Commission ("E.E.O.C.") Guidelines on Employee Selection Procedures ("E.E.O.C. Regulations"), also creates a protected property interest. Specifically, § 1607.3 provides that employers may not employ selection procedures which disparately impact minorities unless those procedures have been properly validated. 29 C.F.R. § 1607.3. Plaintiff argues that, as 18 Pa. C.S. § 9125, the

E.E.O.C. Regulations confer a protected property interest. Therefore, he concludes that the automatic disqualification factors, which he contends have a disparate impact on African American cadet applicants, violated his procedural due process rights.[1] (Pl.'s Memo at 5-6).

Defendants contend the Court made no errors of law and there is no valid basis for reconsideration. Pointing to caselaw that reconsideration is an extraordinary remedy, Defendants argue that Plaintiff is merely asking the court to rethink a decision it has properly made. (Pl's Response at 2-5). The Court agrees.

Plaintiff's argument regarding 18 Pa. C.S. § 9125[2] is without merit. Despite barely mentioning § 9125 in his briefs, the Court gave Plaintiff ample opportunity to advance his arguments regarding § 9125 at oral argument. In the November Order, the Court squarely confronted this issue, concluding that the PSP did not consider his record but instead relied on underlying criminal behavior admitted by Plaintiff. Foxworth, 2005 WL 3241983, at *17 n.21. As noted by Defendants, "criminal history record information" is a defined term, 18 Pa. C.S. § 9102,[3] and simply does not include information *voluntarily provided* by the Plaintiff to the PSP. The mere fact that the PSP happens to be the Central Repository for criminal history record information does not somehow convert personal details provided by plaintiff into information

---

[1] Although the Guidelines cited are federal, Plaintiff urges that § 1607.3 is made applicable to statute agencies by § 1607.10.

[2] 18 Pa. C.S. states that "felony and misdemeanor convictions may be considered . . . only to the extent to which they relate to the applicant's suitability for employment."

[3] "Criminal history record information" is "information collected by criminal justice agencies concerning individuals, and arising from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates and notations of arrests, indictments, informations or other formal criminal charges and any dispositions arising therefrom." 18 Pa. C.S. § 9102.

covered by the statute. Accordingly, section 9125 does not confer a protected property interest sufficient to support Plaintiff's due process claim.

Foxworth's contentions based on 29 C.F.R. § 1607 *et seq.* also fail. First, Plaintiff wholly failed to make any argument about § 1607 in either his response briefs to the summary judgment motion or at oral argument. As such, he may not use a motion for reconsideration to put forth completely new arguments which could have been made but which he neglected to make before the court ruled. Waye, 846 F. Supp. at 314. Further, contrary to Plaintiff's assertion that it is "undisputed" that the disqualification factors had a disparate impact on minorities, in fact the Court in its November order held that Plaintiff's proffered evidence is far too incomplete and insubstantial to raise an inference that it was these factors in particular that caused the alleged racial imbalance. Foxworth, 2005 WL 3241983, at *9. In sum, there is no valid basis for reconsideration.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration will be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODERICK FOXWORTH, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA STATE POLICE, et al. | : | NO. 03-CV-6795 |

**ORDER**

AND NOW this      day of December, 2005, upon consideration of Plaintiff's Motion for Reconsideration (Docket No. 64), and the response thereto, it is ORDERED that the motion is DENIED.

BY THE COURT:

**s\Michael M. Baylson**

Michael M. Baylson, U.S.D.J.

O:\CIVIL\03-6795, Foxworth v. PA State Police\03-6795, Foxworth v. PSP, Motion for Reconsideration of SJ 12-19-05.wpd